Peck, J.
delivered the opinion of the court.
The condition of the bond is, that Bumpass “will make or cause to be made, a title in fee simple, to two lots in the town of Waterloo, as soon as a title can be obtained from the United States, agreeably to the regular routine of the sales'and land titles of the United States.” The plea is, that he has not yet been able to obtain a title from the United States, agreeably to the regular routine of sales and land titles of the United States.
This plea offers no sufficient excuse for not having made the title; it does not show that no title has been issued by the United States for the lots, or that none could have been obtained. Where the act stipulated-to be done depends upon another, and a reasonable time for its performance has elapsed, diligence must be shown on the part of him who would save his covenant. Not even application for the title to the proper source, is averred in the plea. Without this, for aught we know-, the title never could issue; it may have been in another, or should have issued to another, on payment of money or fees. What, the regular routine is, has not been shown to the court, that it may be enabled to see that, in legal contem • plation, the condition of the bond has not been broken.
The condition being inserted for the ease of the defendant, he must not claim more of .it when he comes with his excuse, than the peculiar circumstances will justify, and such circumstances must be presented to the ' *18 COurt to be judged of. The other pleas being still more informal and wholly unsubstantial, cannot avail the party.
On the very careless manner of talcing this demurrer, much might be said: but it is omitted under the belief that if on reviewing it in this court as presented, “General demurrer and special for cause, &c. to the first plea,” will not correct the practice, no persuasion of the court could produce that effect.
Judgment affirmed.